IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JESSIE JAMES WEST, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19cv00819 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MR. DAVID JONES, *et al.,* | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendants. | ) | |

Plaintiff Jessie James West, a Virginia inmate proceeding *pro se,* filed this civil action pursuant to 42 U.S.C. § 1983, against Lt. Jones, Officers Vaughn and Holt, and the Patrick County Jail. West seeks leave to proceed *in forma pauperis* with this action. Having reviewed West's complaint, the court grants his request to proceed *in forma pauperis* but concludes that West has failed to state a cognizable federal claim against any of the named defendants. Therefore, the court will dismiss West's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

West alleges that his legal mail is "continuously being opened without [him] being present, and without any waiver being signed by [him] to approve them to do this." (Compl. ¶ E.1 [ECF No. 1].) He further alleges that unnamed officers "lied boldly" (id. ¶ E.2) about his attorney's office by saying that the opened mail was sent to the jail already opened. West states that, after speaking with his attorney's office, he found out the mail was opened at the jail. He claims that "apologies come, but nothing is done." (Id.) As relief, West seeks immediate transfer to the Halifax County Jail and $30,000.

Although West does not allege any facts against or conduct committed by the named defendants in his complaint, some of the documents submitted with his complaint mention the defendants' names. In two inmate complaint/request forms, West states that defendant Officer Vaughn opened his legal mail out of his presence on September 28, 2019. (Id. Ex. [ECF No. 1-1].) On September 29, 2019, in response to one of the requests, Sgt. Cassidy stated that Officer Vaughn came to him and told him that she had opened West's legal mail by mistake because she did not know it was legal mail. Sgt. Cassidy wrote that he and Officer Vaughn reported the incident to West. (Id.)

In a letter submitted with his complaint, West states that on October 7, 2019, his legal mail was opened out of his presence by two non-defendant officers. In response to the letter, Sgt. Bird states that the mail had been opened by mistake and upon discovering the mistake, the officers brought the mail to West. Sgt. Bird states that he told the officers to "pay attention to the legal mail and to follow jail rules from now on." (Id.) He also sent an email to "all jail staff about this matter." (Id.)

In another inmate complaint/request form submitted with his complaint, West states that, on October 18, 2019, defendant Officer Holt brought West legal mail that had been opened out of his presence, and defendant Lt. Jones lied and said that he had called and talked to West's attorney who said that it had been sent that way. In response to the request, Sgt. Webb states that he spoke with Officer Holt and another person and they both confirmed that the mail did not have West's attorney's firm name on the envelope and only had the firm's post office box address on it. (Id.)

The court conditionally filed West's complaint, advised him that his complaint failed to state a claim against the named defendants, and gave him the opportunity to file an amended complaint. (*See* ECF No. 8.) Despite the court granting his request for an extension of time to file an amended complaint (*see* ECF No. 11), West never filed an amended complaint.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983 and West cannot maintain this action against the defendant Patrick County Jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail.").

## III.

As a general matter, prisoners have the right to both send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 408 (1974). The First Amendment, as incorporated through the Fourteenth Amendment, prohibits states from "abridging the freedom of speech." U.S. Const. amend. I. This extends to both government regulations that directly burden speech and those that have indirect chilling effects. *See Washington Post v. McManus*, 944 F.3d 506, 516-17 (4th Cir. 2019). Opening an inmate's legal mail outside of his presence can chill protected speech.[1] *Haze v. Harrison*, 961 F.3d 654, 658 (4th Cir. 2020).

---

[1] As the Court of Appeals for the Third Circuit has explained, opening legal mail outside of an inmate's presence

However, isolated incidents of mail mishandling, while not to be condoned, do not rise to the level of a constitutional violation. *See Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983) (A "few isolated instances of plaintiff's [legal] mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct . . . were not of constitutional magnitude."); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997) (isolated, inadvertent instances of legal mail being opened outside of an inmate's presence are not actionable).

In the documents submitted with his complaint, West describes three instances in which his legal mail was opened outside of his presence. In each instance, the mail was opened by a different individual and the jail responded to each of West's complaints about these incidents by indicating that the legal mail was opened by mistake. West does not contradict the assertions that the mail was opened out of his presence by mistake. Despite being given the opportunity to amend his complaint, West has not alleged sufficient facts to state a constitutional claim against any of the named defendants, and therefore, the court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[2]

---

"strips those protected communications of their confidentiality," inhibiting the inmate's "ability to speak, protest, and complain openly, directly, and without reservation with the court." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) (internal quotation marks omitted); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210 (9th Cir. 2017) ("When a prisoner receives confidential legal mail that has been opened and re-sealed, he may understandably be wary of engaging in future communication about privileged matters."); *cf Wolff v. McDonnell*, 418 U.S. 539, 577 (1974) (prison's legal mail policy did not chill protected speech where it required such mail to be opened in the presence of the inmate, thus "insur[ing] that prison officials will not read the mail.")

[2] The court notes that West does not allege that it is the jail's policy to open an inmate's legal mail out of his presence. Rather, the record supports an inference that doing so is against jail policy. While allegations which establish a deliberate pattern or practice of opening legal mail outside the inmate's presence may be sufficient to state a claim, West's allegations do not rise to that level. *See Haze*, 961 F.3d at 659 (finding allegations of 15 incidents of interference with legal mail, in contravention of facility policy and despite the plaintiff's complaints

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Plaintiff and all counsel of record.

**ENTERED** this 22nd day of December, 2020.

                                                       /s/ *Thomas T. Cullen*
                                                   HON. THOMAS T. CULLEN
                                                   UNITED STATES DISTRICT JUDGE

---

and written grievances, was enough for a reasonable jury to conclude that defendants' conduct was not negligent but rather constituted a deliberate pattern or practice).